PABÓN, DEMANDANTE Y APELANTE, *v.* PAGÁN ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre otorgamiento de escritura de venta.

No. 2200.—Resuelto en julio 30, 1920.

DESESTIMACIÓN DE APELACIÓN—SEÑALAMIENTO DE ERRORES—ALEGATO INCOMPLETO.—Cuando el alegato del apelante no contiene el señalamiento de errores que disponen las reglas 42 y 43 del Reglamento del Tribunal Supremo, procede la desestimación del recurso.

ID.—DISCRECIÓN DEL TRIBUNAL SUPREMO—ERRORES FUNDAMENTALES.—Aunque el Tribunal Supremo tiene discreción para considerar y resolver sobre cualquier error fundamental aunque no haya sido señalado por el apelante, no está obligado a escudriñar minuciosamente una demanda en que los hechos no guardan íntimo enlace y un alegato incompleto, para hallar tal error fundamental.

Demanda por Apoderado—Capacidad del Apoderado—Causa de Acción—Quaere.—Si es suficiente la alegación contenida en una demanda de que el demandante es un apoderado, para que pueda establecer una acción; y si tal apoderado tendría una causa de acción a su propio nombre.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. E. L. Acosta y L. Llorens.*

Abogados de los apelados: *Sres. Feliú & Alemañy.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Esta acción se originó en la Corte Municipal de San Germán y tenía por objeto (1) el otorgamiento de una escritura de venta de terrenos; (2) la nulidad de una alegada venta simulada de terreno y su inscripción; (3) la nulidad de una hipoteca y su inscripción. La acción fué establecida por una persona que alegaba ser apoderada de otra, pero sin que se transcribiera en la demanda el poder o las palabras esenciales del mismo que establecen la capacidad de dicho demandante. Los demandados formularon excepción previa a la demanda mientras el caso estaba pendiente en la corte municipal. Interpuesta apelación a la corte de distrito dicha corte dictó sentencia a favor de los demandados a virtud de dicha excepción previa.

La apelación debe ser desestimada por no haberse cumplido con las reglas 42 y 43 del reglamento de este tribunal. En el alegato no hay señalamientos de error. Hemos considerado estas reglas en varios casos. *Gordils* v. *Sucesión de Frontera, S. en C., et al.,* 21 D. P. R. 227; *Méndez* v. *Martínez,* 26 D. P. R. 96; *Goble & Jiménez* v. *Truyol & Co.,* 26 D. P. R. 392, y *Royal Bank of Cánada* v. *McCormick & Co. & Muñoz,* 27 D. P. R. 414. Véase también el tomo 3 de Corpus Juris, párrafo 1483, 1495 páginas 1143 y siguientes.

Tenemos, por supuesto, discreción si encontramos que ha habido error fundamental, pero no creemos estar obligados a escudriñar minuciosamente una demanda en que los hechos no guardan íntimo enlace y un alegato incompleto para hallar tal error fundamental. Además, como hemos visto, el

poder no está ante nos, ni ninguna debida referencia en cuanto a su contenido y por tanto nos inclinamos a creer que el demandante no mostró ninguna causa de acción.

Todo lo que expresa dicha demanda es que el apelante es el apoderado, lo cual parece ser una conclusión legal. Una persona puede ser un apoderado para varios fines y no estar, sin embargo, autorizada para establecer una acción en sustitución de otra persona. Un defecto como éste no afecta a la incapacidad de las partes sino al fundamento de la acción. 31 Cyc. 296.

Tenemos asimismo alguna duda respecto a si un apoderado tendría una causa de acción a su propio nombre, pero no necesitamos resolver específicamente la cuestión.

Debe desestimarse la apelación.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó: "Conforme con la sentencia."